[No. 5413–6–III.   Division Three.   April 3, 1984.]

METROPOLITAN MORTGAGE & SECURITIES CO., INC.,
*Appellant,* v. WASHINGTON WATER POWER,
*Defendant,* THE CITY OF SPOKANE,
*Respondent.*

*Paul V. Carlin III,* for appellant.

*James C. Sloane, City Attorney, Richard C. Robinson, Assistant, James B. King, William J. Schroeder,* and *Paine, Hamblen, Coffin & Brooke,* for respondent.

McINTURFF, J.—Metropolitan Mortgage & Securities Co., Inc. (Metropolitan), appeals the denial of its motion for a new trial against the City of Spokane. We reverse.

On February 24, 1982, a 4-inch cast-iron water pipe burst and flooded the lower level of Metropolitan's building, allegedly causing $4,751.16 in damages. The cause of the rupture is unknown.

Metropolitan commenced a negligence action against the City and Washington Water Power. At trial, Metropolitan established the City was responsible for maintenance of the water system, but no direct evidence of negligence was presented against either defendant. At the close of Metropolitan's case in chief, the trial court granted both defendants' motions to dismiss because the evidence was insufficient, as a matter of law, to submit the negligence issue to the jury.[1] It was further ruled the doctrine of res ipsa loquitur was inapplicable since Metropolitan failed

---

[1] In making its ruling, the trial court stated:

"Well first of all, there is . . . no evidence of any kind of negligence against the defendant City of Spokane.

"Regarding the application of the Res Ipsa Loquitur Doctrine, there is evidence of exclusivity of control of the defendant City of Spokane over the water main which ruptured, but we have no evidence whatsoever that this was an event which ordinarily does not happen if those in control of the instrumentality used ordinary care as required by the case of *Kind v. Seattle* [50 Wn.2d 485, 312 P.2d 811 (1957)] and by *Pacific Northwest Bell v. Port of Seattle* [80 Wn.2d 59, 491 P.2d 1037 (1971)], both of which have been called to my attention by attorney for plaintiff. I do not believe that the Court in the absence of evidence can apply any kind of judicial notice in this area regarding water mains. Water mains do burst within the common understanding of man as a result of the elements, or as a result of things that are not within the control of man quite often, so as a result of that I am going to dismiss the case against the City of Spokane as well."

to present any evidence the pipe rupture ordinarily would not happen if those controlling it used ordinary care. Metropolitan's motion for a new trial against the City was denied.[2]

Metropolitan contends that the doctrine of res ipsa loquitur provides an inference of negligence from the occurrence itself which establishes a prima facie case sufficient to present a question for the jury. We agree.

■ The doctrine of res ipsa loquitur recognizes that an accident may be of such a nature, or may happen under such circumstances, that the occurrence is of itself sufficient to establish prima facie the fact of negligence on the part of the defendant, without further direct proof. Thus, it casts upon the defendant the duty to come forward with an exculpatory explanation, rebutting or otherwise overcoming the presumption or inference of negligence on his part. *Morner v. Union Pac. R.R.*, 31 Wn.2d 282, 291, 196 P.2d 744 (1948).

Simply stated, the doctrine of res ipsa loquitur relies on circumstantial evidence to prove negligence. We recognize the use of a Latin phrase to describe a legal maxim oftentimes leads to confusing results.

> Negligence and causation, like other facts, may of course be proved by circumstantial evidence. Without resort to Latin the jury may be permitted to infer, when a runaway horse is found in the street, that its owner has been negligent in looking after it; or when a driver runs down a visible pedestrian, that he has failed to keep a proper lookout. When the Latin phrase is used in such cases, nothing is added. A res ipsa loquitur case is ordinarily merely one kind of case of circumstantial evidence, in which the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it.

Restatement (Second) of Torts § 328D, comment *b* (1965).

■ The essential elements which must be established

---

[2]Metropolitan did not move for a new trial against WWP and WWP is not a party to this appeal.

prior to the application of the doctrine were set forth in *Horner v. Northern Pac. Beneficial Ass'n Hosps., Inc.*, 62 Wn.2d 351, 359, 382 P.2d 518 (1963):

> (1) the accident or occurrence producing the injury is of a kind which ordinarily does not happen in the absence of someone's negligence, (2) the injuries are caused by an agency or instrumentality within the exclusive control of the defendant, and (3) the injury–causing accident or occurrence is not due to any voluntary action or contribution on the part of the plaintiff.

The second and third elements are satisfied. The broad dispositive issue is whether Metropolitan satisfied the first element. Is a bursting water main the kind of occurrence which ordinarily does not happen in the absence of negligence?

This element may be satisfied in one of three situations:

> (1) When the act causing the injury is so palpably negligent that it may be inferred as a matter of law, . . . (2) *when the general experience and observation of mankind teaches that the result would not be expected without negligence;* and (3) when proof by experts in an esoteric field creates an inference that negligence caused the injuries.

(Italics ours.) *Horner,* at 360. Metropolitan seeks to rely on the second situation. Thus, the dispositive issue narrows to whether the general experience and observation of mankind teaches us that water mains do not break in the absence of someone's negligence.

■ Whether the doctrine of res ipsa loquitur applies is a question of law. *Zukowsky v. Brown,* 79 Wn.2d 586, 594, 488 P.2d 269 (1971); *Pacific Coast R.R. v. American Mail Line, Ltd.,* 25 Wn.2d 809, 813, 172 P.2d 226 (1946).

Two Supreme Court cases have dealt with the doctrine's application to broken water mains. In *Kind v. Seattle,* 50 Wn.2d 485, 312 P.2d 811 (1957), a 20–inch water main, owned, maintained and operated by the City, burst. The cause of the break was unknown. In a bench trial, the court found the City strictly liable. The Supreme Court did not resolve the strict liability issue but affirmed the trial court

on another ground—res ipsa loquitur. In its analysis, the court stated: "the [trial] court found as a fact that a break of this sort does not ordinarily occur without the presence of negligence." *Kind,* at 489.

In the present case, the trial court interpreted *Kind* to specifically require testimony to support the factual determination. We find the above referenced language ambiguous. *Kind,* at 485. It can be argued testimony was presented at the *Kind* trial that water mains do not break in the absence of negligence and that this evidence supported the court's finding. On the other hand, the court's language can be interpreted to mean the trial court, sitting as the trier of fact, affirmatively answered the question of whether the general experience and observation of mankind teaches that water mains do not break in the absence of negligence.

But, this ambiguity was resolved in *Pacific Northwest Bell Tel. Co. v. Port of Seattle,* 80 Wn.2d 59, 491 P.2d 1037 (1971), where a water main ruptured and the water from the break ran into a phone company manhole damaging exposed wires. The court rejected the strict liability argument and held an underground water main does not constitute an abnormal condition warranting strict liability. The court then discussed the doctrine of res ipsa loquitur:

> The question remains as to whether or not an instruction on res ipsa loquitur was proper in this case. Aside from the fact that plaintiff's complaint was based in part on res ipsa, and that instruction No. 9 was given without objection, we believe that the permissible inferences of the doctrine are appropriate.
>
> We have here a harm which occurred to plaintiff without any fault on its part. The water pipe system, even though placed where it customarily and rightfully may be, nevertheless was buried beyond practical inspection and maintenance. *Under these circumstances, the plaintiff is certainly entitled to the presumptions carried by the res ipsa instruction and defendant should be obligated to prove its freedom from negligence.*

(Italics ours.) *Pacific Northwest Bell Tel. Co. v. Port of Seattle, supra* at 67.

■ Whether an accident is one which would not ordinarily happen without someone's negligence is often the weakest point of a res ipsa loquitur case because that determination is generally done on the basis of "common knowledge." Annot., *Res Ipsa Loquitur as Applicable in Actions for Damage to Property by the Overflow or Escape of Water,* 91 A.L.R.3d 186, 204–05 (1979). However, the determination of whether a given event is the type of occurrence which ordinarily results from negligence is a judicial decision to be made by judges applying their common experiences in life to the event which gives rise to the suit. *Kennett v. Akers,* 564 S.W.2d 41, 45 (Mo. 1978). In the usual case, the experience from which this conclusion is drawn is common to the community and is a matter of general knowledge which the court recognizes on much the same basis as when it takes judicial knowledge of facts. Restatement (Second) of Torts § 328D, comment *d* (1965).

Do water mains burst in the absence of someone's negligence?

> There are many types of accidents which commonly occur without the fault of anyone. The fact that a tire blows out, or that a man falls down stairs is not, in the absence of anything more, enough to permit the conclusion that there was negligence in inspecting the tire, or in the construction of the stairs, because it is common human experience that such events all too frequently occur without such negligence. On the other hand there are many events, such as those of objects falling from the defendant's premises, the fall of an elevator, the *escape of gas or water from mains* or of electricity from wires or appliances, the derailment of trains or the explosion of boilers, where the conclusion is at least permissible that such things do not usually happen unless someone has been negligent. To such events res ipsa loquitur may apply.

(Italics ours.) Restatement (Second) of Torts § 328D, comment *c* (1965).

The language of Justice Walter in *George Foltis, Inc. v. New York,* 174 Misc. 967, 970, 21 N.Y.S.2d 800, 803 (1940), is particularly appropriate:

The water main here in question was within the control of the defendant. It was defendant who selected the pipes and laid them. Cast–iron water mains which are properly laid four feet underground ordinarily do not break, any more than ordinarily trains are derailed, missiles fly, or elevators or walls fall; and when such a main does break the inference of negligence follows in logical sequence and to my mind is well–nigh irresistible, and that is sufficient to cause the doctrine to apply.

See also *Adam Hat Stores, Inc. v. Kansas City,* 316 S.W.2d 594 (Mo. 1958).

This same philosophy was expressed in *Juchert v. California Water Serv. Co.,* 16 Cal. 2d 500, 515, 106 P.2d 886, 894 (1940):

Certainly it would not extend the doctrine to say that it is a matter of common knowledge that in the ordinary course of things water mains do not break if those having the management thereof use proper care.

We hold the general experience of mankind teaches us that water mains do not break in the absence of someone's negligence. Thus, the plaintiff need not present specific evidence to satisfy this element.

The judgment of the Superior Court is reversed; the matter is remanded for proceedings consistent with this opinion.

MUNSON, C.J., and THOMPSON, J., concur.