239 P.3d 1078 (2010)
Tambra CURTIS, Petitioner,
v.
Jack LEIN and Claire Lein, husband and wife, and the marital community composed thereof; and Willow Creek Farm, Incorporated, a domestic corporation, Respondents.
No. 83307-9.
Supreme Court of Washington, En Banc.
Argued July 16, 2010.
Decided September 16, 2010.
*1080 Jo-Hanna Gladness Read, Law Office of Jo-Hanna Read, Seattle, WA, for Petitioner.
Kathleen Mary Thompson, Gardner Bond Trabolsi, PLLC, Seattle, WA, for Respondents.
STEPHENS, J.
¶ 1 This case requires us to revisit our body of law involving res ipsa loquitur. Petitioner, Tambra Curtis, lived on a farm owned by the respondents, Jack and Claire Lein. Curtis was injured on the farm when a dock on which she was walking gave way beneath her. The Leins had the dock destroyed shortly after the incident, so there is no evidence as to the dock's condition at the time of the accident. Curtis brought a negligence suit against the Leins, who moved for summary judgment. Curtis invoked res ipsa loquitur to fill in the evidentiary gaps caused by the dock's destruction. The lower courts held the doctrine did not apply. We reverse the Court of Appeals and hold that at trial, Curtis may rely upon res ipsa loquitur as evidence of negligence.

FACTS AND PROCEDURAL HISTORY
¶ 2 Jack and Claire Lein bought Willow Creek Farm in 1978 and took up residence there around 1980. Claire Lein raised thoroughbred horses on the farm. The property included a small pond, which the Leins enlarged. In the late 1980s the Leins had a wooden dock built over the pond in order to facilitate access to the pond's drainage pipe. The pond and dock were open to the farm's residents and, although the pond was primarily decorative, the Leins' grandchildren sometimes swam in it.
¶ 3 Around 2001, the Leins sold the farm, though they continued living on it until 2004 along with their son Mike, his wife Donna, and their children. Also living on the farm in housing provided by the Leins was Michael Stewart, who was hired as the farm manager in 2001, and Stewart's girl friend, Tambra Curtis, and their son. Curtis did not work on the farm.
¶ 4 On April 25, 2004, Curtis walked out onto the dock over the pond for the first time since she began living on the farm. A couple of steps onto the dock, the boards underneath her feet gave way, and her left leg plunged through the dock up to her hip. As a result of the fall, Curtis suffered a hairline fracture to her tibia.
¶ 5 When Claire Lein learned of the accident, she instructed Stewart to remove the dock. Knowing the farm's new owners planned to level the property to build a school, she saw no reason to replace the dock. As a result of the dock's destruction, there is no evidence as to what about the dock caused Curtis's fall. Claire and Mike Lein testified that they had no reason to believe the dock was in need of repair or unsafe. Curtis does not recall the condition of the dock on the day she stepped out onto it, but in an interrogatory response she noted that her son told her he was instructed by the Leins' grandchildren that the dock was not safe to play on.
¶ 6 Curtis brought a personal injury action against the Leins and Willow Creek Farms, Incorporated. The Leins moved for summary judgment, which the trial court granted. *1081 The trial court held that res ipsa loquitur did not apply because causes other than negligent maintenance of the dock could have been at play in Curtis's fall. On appeal, the Court of Appeals also concluded that res ipsa loquitur did not apply, though on different grounds. The Court of Appeals reasoned that, while res ipsa loquitur could be invoked as evidence of negligence, it did not relieve Curtis of the burden of proving that the dock's defect was discoverable. Curtis petitioned for review, which we granted.

ANALYSIS
¶ 7 This case requires us to determine whether summary judgment was properly granted as to the application of res ipsa loquitur in a premises liability suit. An overview of these concepts is helpful.
¶ 8 Whether res ipsa loquitur applies in a given context is a question of law. Pacheco v. Ames, 149 Wash.2d 431, 436, 69 P.3d 324 (2003). Res ipsa loquitur means "`the thing speaks for itself.'" W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 39, at 243 (5th ed.1984). Generally, it "provides nothing more than a permissive inference" of negligence. Zukowsky v. Brown, 79 Wash.2d 586, 600, 488 P.2d 269 (1971). It is "ordinarily sparingly applied, `in peculiar and exceptional cases, and only where the facts and the demands of justice make its application essential.'" Tinder v. Nordstrom, Inc., 84 Wash.App. 787, 792, 929 P.2d 1209 (1997) (quoting Morner v. Union Pac. R.R. Co., 31 Wash.2d 282, 293, 196 P.2d 744 (1948)).
The doctrine of res ipsa loquitur spares the plaintiff the requirement of proving specific acts of negligence in cases where a plaintiff asserts that he or she suffered injury, the cause of which cannot be fully explained, and the injury is of a type that would not ordinarily result if the defendant were not negligent. In such cases the jury is permitted to infer negligence. The doctrine permits the inference of negligence on the basis that the evidence of the cause of the injury is practically accessible to the defendant but inaccessible to the injured person.
Pacheco, 149 Wash.2d at 436, 69 P.3d 324 (citations omitted).
¶ 9 According to premises liability theory, a landowner owes an individual a duty of care based on the individual's status upon the land. Tincani v. Inland Empire Zoological Soc'y, 124 Wash.2d 121, 128, 875 P.2d 621 (1994). A tenant is an invitee. Mucsi v. Graoch Assocs. Ltd. P'ship No. 12, 144 Wash.2d 847, 855, 31 P.3d 684 (2001). This court has adopted the view of the Restatement (Second) of Torts § 343 as to a landowner's duty of care to an invitee.
[A] landowner is subject to liability for harm caused to his tenants by a condition on the land, if the landowner (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to tenants; (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect the tenant against danger.
Mucsi, 144 Wash.2d at 855-56, 31 P.3d 684 (citing RESTATEMENT (SECOND) of Torts § 343 (1965)). "`Reasonable care requires the landowner to inspect for dangerous conditions, "followed by such repair, safeguards, or warning as may be reasonably necessary for [a tenant's] protection under the circumstances."'" Id. at 856, 31 P.3d 684 (alteration in original) (quoting Tincani, 124 Wash.2d at 139, 875 P.2d 621 (quoting RESTATEMENT, supra, § 343 cmt. b)).
¶ 10 Curtis argues that because the dock was destroyed following her accident, it is impossible to know what precisely about the dock caused her fall. See Br. of Appellant at 10-11. She therefore relies upon res ipsa loquitur, contending that a wooden dock does not ordinarily give way unless the owner has negligently failed to maintain the structure. Id. The trial court granted the Leins' motion for summary judgment, reasoning that res ipsa loquitur did not apply to Curtis's claim because the court could conceive of "multiple other causes which could have caused the failure of the step on the dock," such as improper construction or defective materials. Verbatim Report of Proceedings *1082 (VRP) at 25-26. The Court of Appeals affirmed the trial court, reasoning that while wooden docks do not ordinarily give way in the absence of negligence (thus implicating res ipsa loquitur), the doctrine could not be used to infer that dangerous docks exhibit discoverable defects. Curtis v. Lein, 150 Wash.App. 96, 107, 206 P.3d 1264 (2009). Rather, Curtis retained the burden under premises liability of proving the Leins knew or should have known of the dock's faulty condition.
¶ 11 We reject this analysis. A plaintiff may rely upon res ipsa loquitur's inference of negligence if (1) the accident or occurrence that caused the plaintiff's injury would not ordinarily happen in the absence of negligence, (2) the instrumentality or agency that caused the plaintiff's injury was in the exclusive control of the defendant, and (3) the plaintiff did not contribute to the accident or occurrence. Pacheco, 149 Wash.2d at 436, 69 P.3d 324. The first element is satisfied if one of three conditions is present:
"`(1) When the act causing the injury is so palpably negligent that it may be inferred as a matter of law, i.e., leaving foreign objects, sponges, scissors, etc., in the body, or amputation of a wrong member; (2) when the general experience and observation of mankind teaches that the result would not be expected without negligence; and (3) when proof by experts in an esoteric field creates an inference that negligence caused the injuries.'"
Id. at 438-39, 69 P.3d 324 (quoting Zukowsky, 79 Wash.2d at 595, 488 P.2d 269 (quoting Horner v. N. Pac. Beneficial Ass'n Hosps., Inc., 62 Wash.2d 351, 360, 382 P.2d 518 (1963))).
¶ 12 Curtis relies upon the second scenario: general experience and observation teaches that a wooden dock does not give way under foot unless it is negligently maintained. Curtis, 150 Wash.App. at 106, 206 P.3d 1264. The Court of Appeals agreed with this argument but concluded that it "does not follow that dangerous docks ordinarily exhibit discoverable defects," and therefore res ipsa loquitur could not apply. Id. at 107, 206 P.3d 1264. The Court of Appeals explained that Curtis could not rely on res ipsa loquitur to meet her "burden of showing that the dock's defect was discoverable." Id. at 106, 206 P.3d 1264.
¶ 13 The Court of Appeals erred when it parsed out the inference of negligence that can be drawn from res ipsa loquitur. When res ipsa loquitur applies, it provides an inference as to the defendant's breach of duty. See Miller v. Jacoby, 145 Wash.2d 65, 74, 33 P.3d 68 (2001). It therefore would apply an inference of negligence on the part of the Leins generally: what they knew or reasonably should have known about the dock's condition is part of the duty that they owed to Curtis. What the Leins knew or reasonably should have known about the dock is exactly the sort of information that res ipsa loquitur is intended to supply by inference, if the inference applies at all. See Ripley v. Lanzer, 152 Wash.App. 296, 307, 215 P.3d 1020 (2009) (accident's "`occurrence is of itself sufficient to establish prima facie the fact of negligence on the part of the defendant, without further direct proof.'" (quoting Metro. Mortgage & Sec. Co. v. Wash. Water Power, 37 Wash.App. 241, 243, 679 P.2d 943 (1984))). The Court of Appeals erred when it held otherwise.
¶ 14 Penson v. Inland Empire Paper Co., 73 Wash. 338, 132 P. 39 (1913), is on point. In Penson, wooden scaffolding collapsed while a painter was working upon it. This court held that res ipsa loquitur supplied the necessary evidence of negligence, noting that the result was to shift the burden to the defendant to prove, through evidence sufficient to rebut the inference arising from application of res ipsa loquitur, that the faulty condition of the scaffolding was undiscoverable. Penson, 73 Wash. at 347-48, 132 P. 39 ("The burden of explanation ... was upon the appellant.... If the defect which caused it to break was latent and unobservable by the exercise of reasonable care, no evidence was offered to prove it.").
¶ 15 The only question remaining is whether res ipsa loquitur applies at all, a premise the trial court rejected. As noted, res ipsa loquitur applies where the injury-producing event is of a type that would not ordinarily occur absent negligence, the injury-producing *1083 agency or instrumentality is in the exclusive control of the defendant, and the plaintiff did not contribute to the injury. Pacheco, 149 Wash.2d at 436, 69 P.3d 324. The Leins conceded during their motion for summary judgment before the trial court that Curtis was not at fault. VRP at 5. The inquiry has since focused on the first two elements.
¶ 16 Taking the element of exclusive control first, the Leins argue that Curtis "failed to cite any legal authority in which courts have found that a wooden dock on a pond constitutes an `instrumentality' and/or that ownership, alone, of the dock would be considered `exclusive control' of such instrumentality." Br. of Resp't at 29. It cannot be seriously debated that the dock was not an injury-producing instrumentality in this instance. As for exclusive control, the Leins do not argue that anyone else had responsibility for the dock. Id. at 29-30. The Leins have offered no evidence that the dock was not in their exclusive control prior to Curtis's accident.[1]
¶ 17 That leaves the first element: whether an accident of this sort ordinarily occurs in the absence of negligence. As noted, the Court of Appeals concluded that docks do not normally give way if properly maintained, but Curtis still had to prove the dock had obvious defects. As explained, the latter half of this reasoning was in error. However, the Court of Appeals was correct when it reasoned that general experience tells us that wooden docks ordinarily do not give way if properly maintained. That is, "[i]n the general experience of mankind," the collapse of a portion of a dock "is an event that would not be expected without negligence on someone's part." Zukowsky, 79 Wash.2d at 596, 488 P.2d 269.[2]
¶ 18 The trial court concluded that res ipsa loquitur did not apply because "there are multiple other causes [than negligence] which could have caused the failure of the step on the dock," such as improper construction or defective wood. VRP at 25-26. This analysis misses the mark. A plaintiff claiming res ipsa loquitur is "not required to `eliminate with certainty all other possible causes or inferences' in order for res ipsa loquitur to apply." Pacheco, 149 Wash.2d at 440-41, 69 P.3d 324 (quoting Douglas v. Bussabarger, 73 Wash.2d 476, 486, 438 P.2d 829 (1968) (quoting WILLIAM L. PROSSER, HANDBOOK OF THE LAW OF TORTS 222 (3d ed.1964))). Instead, "res ipsa loquitur is inapplicable where there is evidence that is completely explanatory of how an accident occurred and no other inference is possible that the injury occurred another way." Id. at 439-40, 69 P.3d 324. The rationale behind this rule lies in the fact that res ipsa loquitur provides an inference of negligence.
[T]he res ipsa loquitur doctrine allows the plaintiff to establish a prima facie case of negligence when he cannot prove a specific act of negligence because he is not in a situation where he would have knowledge of that specific act. Once the plaintiff establishes a prima facie case, the defendant must then offer an explanation, if he can. "`If then, after considering such explanation, on the whole case and on all the issues as to negligence, injury and damages, the evidence still preponderates in favor of the plaintiff, plaintiff is entitled to recover; otherwise not.'"
Id. at 441-42, 69 P.3d 324 (quoting Covey v. W. Tank Lines, 36 Wash.2d 381, 392, 218 P.2d 322 (1950) (quoting Hardman v. Younkers, 15 Wash.2d 483, 493, 131 P.2d 177 (1942))). As with any other permissive evidentiary *1084 inference, a jury is free to disregard or accept the truth of the inference. The fact that the defendant may offer reasons other than negligence for the accident or occurrence merely presents to the jury alternatives that negate the strength of the inference of negligence res ipsa loquitur provides. The trial court therefore erred when it concluded that res ipsa loquitur was inapplicable as a matter of law due to the possibility that reasons other than negligence accounted for the dock's collapse.
¶ 19 In sum, Curtis has shown each of the elements necessary for relying upon res ipsa loquitur in a jury trial: (1) she has shown the accident is of a type that would not ordinarily happen in the absence of negligence because general experience counsels that properly maintained wooden docks do not give way under foot; (2) there is no evidence before us that the dock was not in the exclusive control of the Leins; and (3) it is uncontested that Curtis herself did not contribute in any way to the accident. We therefore hold that Curtis may rely upon res ipsa loquitur in presenting her case to a jury. Whether the inference of negligence arising from res ipsa loquitur will be convincing to a jury is a question to be answered by that jury.

CONCLUSION
¶ 20 The injury here was caused by an event that would not normally happen in the absence of negligence, and the Leins have not shown they did not have exclusive control of the dock. Thus, the elements at issue for application of res ipsa loquitur to this case are satisfied. We reverse the trial court and the Court of Appeals, and remand this case for trial.
WE CONCUR: CHARLES W. JOHNSON, GERRY L. ALEXANDER, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, and MARY E. FAIRHURST, Justices.
MADSEN, C.J. (concurring).
¶ 21 As the majority states, the doctrine of res ipsa loquitur is a rule of evidence. "A circumstance necessary to its application is that the injured party, from the nature of the case, is not in a position to explain the cause, while the party charged is in a position where he is, or if he has exercised reasonable care should be, able to explain and show himself free from negligence." Penson v. Inland Empire Paper Co., 73 Wash. 338, 346, 132 P. 39 (1913). The plaintiff in Penson was a painter who was injured in a fall when the timber broke in the scaffolding erected by the defendant. The court affirmed application of the doctrine in that case because, in part, the plaintiff was so injured that he could not inspect the board after the accident and the defendant did not produce the board or any evidence as to its condition. Id.
¶ 22 Similar to the plaintiff in Penson, the plaintiff here was injured when a timber broke in a dock owned and maintained by the defendants. I agree with the majority that the doctrine should be applied in this case, as it was in Penson, to relieve Curtis from establishing whether the defect in the dock was discoverable because the Leins ordered the dock removed, depriving Curtis of evidence with which to meet her burden.
¶ 23 I write because the majority appears to attach no significance to the fact that Jack and Claire Lein had the dock removed. But for the removal of the dock, I would not agree that the doctrine should apply to shift the burden of establishing whether the defect in the dock was discoverable.
WE CONCUR: JAMES M. JOHNSON, Justice.
NOTES
[1] At times there is a suggestion that Michael Stewart was responsible for premises maintenance and therefore the condition of the dock. See, e.g., Defs.'/Resp'ts' Answer to Tambra Curtis' Pet. for Review at 9 ("According to Michael Stewart, his job was to oversee the operation of the farm."); Clerk's Papers at 151 (deposition of Michael Stewart). To the extent this might bear upon the question of exclusive control, it should be noted that Stewart was an agent of the Leins.
[2] In coming to this conclusion, the Court of Appeals relied on Penson, stating that Penson holds that "res ipsa loquitur applies to explain why a wooden structure would give way." Curtis, 150 Wash.App. at 106, 206 P.3d 1264 (citing Penson, 73 Wash. at 339-41, 132 P. 39). Whether res ipsa loquitur applies "can only be determined in the context of each case." Zukowsky, 79 Wash.2d at 594, 488 P.2d 269. We do not mean to suggest that based upon Penson, negligence may be inferred as a matter of law anytime a wooden structure collapses.