**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| LEONARDO C. MARIANO, | ) | No. 68924-0-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| SWEDISH CARDIAC SURGERY, | ) | UNPUBLISHED |
| | ) | |
| Respondent. | ) | FILED: November 25, 2013 |
| | ) | |

COX, J. — Leonardo Mariano appeals the summary judgment dismissal of his medical malpractice and informed consent claims against Swedish Cardiac Surgery.[1] We affirm, holding that summary judgment was appropriate because Mariano failed to provide required expert testimony for his claims.

On April 4, 2006, Mariano underwent a quadruple coronary artery bypass graft procedure at Swedish Medical Center. On May 2, 2011, Mariano filed this lawsuit against Swedish, alleging medical malpractice and failure to obtain his informed consent to the surgery. The complaint was based on Mariano's belief that a bypass of his left coronary artery was unnecessary. Mariano argued that he suffered damages from the procedure, including a lengthy recovery period, lack of appetite, difficulty hearing, negative impacts on his employment opportunities and social life, and "writer's block."

The parties conducted discovery. In responding to interrogatories, Mariano admitted, "I have no expert/medical witnesses at this time. I reserve my

---

[1] Swedish asserts that "Swedish Cardiac Surgery" is merely a division of Swedish Medical Center, not an independent legal entity subject to suit. We are unable to address this argument on the record before us. We adopt the naming conventions of the parties and refer to the respondent as "Swedish."

right to name some after discovery and during the trial." He never named any such experts.

Swedish moved for summary judgment, arguing that Mariano's complaint should be dismissed because he had not identified any expert support for his claims. The trial court granted summary judgment in favor of Swedish. Mariano moved for reconsideration. When the trial court denied Mariano's motion, it clarified its order granting summary judgment:

> Summary Judgment was granted on March 2, 2012 on the grounds that Plaintiff did not have the required [evidentiary] support for his claims. In addition his claims are barred by the statute of limitations, which expired April 2009.[2]

Mariano appeals.

## EXPERT TESTIMONY

A defendant can move for summary judgment by showing that there is an absence of evidence to support the plaintiff's case.[3] If the defendant shows an absence of evidence to establish the plaintiff's case, the burden then shifts to the plaintiff to set forth specific facts showing a genuine issue of material fact for trial.[4] While we construe all evidence and reasonable inferences in the light most favorable to the nonmoving party, if the plaintiff "fails to make a showing sufficient

---

[2] Clerk's Papers 42.
[3] Young v. Key Pharm., Inc., 112 Wn.2d 216, 225-26 n.1, 770 P.2d 182 (1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)).
[4] Young, 112 Wn.2d at 225.

No. 68924-0-I/3

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment is proper.[5] The plaintiff may not rely on mere speculation or unsupported assertions, facts not contained in the record, or inadmissible hearsay.[6] This court reviews summary judgments de novo.[7] We review the denial of a motion for reconsideration for abuse of discretion.[8]

Actions for damages occurring as a result of health care are controlled exclusively by statute, regardless of how the claim is characterized.[9] There are three bases for such a claim:

(1) That injury resulted from the failure of a health care provider to follow the accepted standard of care;

(2) That a health care provider promised the patient or his or her representative that the injury suffered would not occur; [or]

(3) That injury resulted from health care to which the patient or his or her representative did not consent.[10]

RCW 7.70.020 defines hospitals as health care providers. Mariano's complaint is based on the first and third bases.

---

[5] Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002); Young, 112 Wn.2d at 225 (quoting Celotex, 477 U.S. at 322).
[6] Higgins v. Stafford, 123 Wn.2d 160, 169, 866 P.2d 31 (1994).
[7] Michael v. Mosquera-Lacy, 165 Wn.2d 595, 601, 200 P.3d 695 (2009).
[8] Rivers v. Washington State Conf. of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002).
[9] RCW 7.70.030; Branom v. State, 94 Wn. App. 964, 969, 974 P.2d 335 (1999).
[10] RCW 7.70.030.

No. 68924-0-I/4

To establish medical malpractice, Mariano must prove that Swedish "failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances" and that the "failure was a proximate cause of the injury complained of."[11] Only experts are permitted to testify regarding the standard of care and whether the physician met that standard.[12] "What is or is not standard practice and treatment in a particular case, or whether the conduct of the physician measures up to the standard is a question for experts and can be established only by their testimony."[13] The policy behind this rule is to "prevent laymen from speculating as to what is the standard of reasonable care in a highly technical profession."[14] If a plaintiff fails to produce competent expert testimony, the defendant is entitled to summary judgment.[15]

Here, Mariano failed to identify any expert who would testify in support of his claims that the treatment he received at Swedish fell below the applicable standard of care. As a result, Swedish was entitled to judgment as a matter of law.

---

[11] RCW 7.70.040.
[12] Young, 112 Wn.2d at 228.
[13] Young, 112 Wn.2d at 228-29 (quoting Hart v. Steele, 416 S.W.2d 927, 932, 37 A.L.R.3d 456, 462 (Mo.1967)).
[14] Douglas v. Bussabarger, 73 Wn.2d 476, 479, 438 P.2d 829 (1968).
[15] Morinaga v. Vue, 85 Wn. App. 822, 832, 935 P.2d 637 (1997).

Mariano argues that expert testimony is not required where an ordinary person could reasonably infer the ultimate fact required to be established. In the alternative, Mariano argues, the evidence he presented is sufficient to entitle him to an inference of negligence established by the doctrine of res ipsa loquitur.

Mariano's arguments fail. For res ipsa loquitur to apply, the following three criteria must be met: "(1) the accident or occurrence that caused the plaintiff's injury would not ordinarily happen in the absence of negligence, (2) the instrumentality or agency that caused the plaintiff's injury was in the exclusive control of the defendant, and (3) the plaintiff did not contribute to the accident or occurrence."[16] It is true that "expert medical testimony is not necessary if the questioned practice of the professional is such a gross deviation from ordinary care that a lay person could easily recognize it."[17] But the proper procedure for coronary artery bypass surgery is far beyond the common understanding or expertise of a layperson. And without knowing the professional standard of care for a health care provider conducting such a surgery, a layperson would not be able to infer negligence from Swedish's actions.

Mariano also contends that Swedish did not secure his informed consent to the surgery. Specifically, Mariano alleges that he expressed his desire to pursue less invasive forms of treatment; that he was not informed of the risks of

---

[16] Curtis v. Lein, 169 Wn.2d 884, 891, 239 P.3d 1078 (2010).
[17] McLaughlin v. Cooke, 112 Wn.2d 829, 838, 774 P.2d 1171 (1989).

the operation; and that his consent was given under duress because he was "still groggy from his diagnostic cardiac catheterization" when he signed the form.

A plaintiff alleging breach of the duty to secure informed consent must prove:

> (a) the health care provider failed to inform the patient of a material fact or facts relating to treatment; (b) the patient consented to treatment without being aware of or fully informed of such facts; (c) a reasonably prudent patient under similar circumstances would not have consented given such information; and (d) the treatment in question proximately caused injury to the patient.[18]

Expert testimony is required to establish the nature and character of the treatment proposed and administered; the risks and benefits to such treatment; and any possible alternative forms of treatment.[19] As with his medical malpractice claim, Mariano has provided no expert testimony in support of his claim. As a result, Mariano has not met his burden to set forth specific facts showing a genuine issue of material fact for trial.[20]

Mariano also failed to establish any of the grounds under CR 59(a) justifying a reconsideration of the trial court's order. The trial court did not abuse its discretion in denying reconsideration.

---

[18] RCW 7.70.050(1).
[19] RCW 7.70.050(3).
[20] Because the trial court properly dismissed Mariano's complaint for failure to demonstrate material facts in dispute, we need not address whether his claims were also barred by the statute of limitations.

## OTHER ISSUES

Mariano argues that the trial court erred in failing to continue the summary judgment hearing so that he could conduct discovery. But the record indicates that the trial court continued the hearing for more than two months at Mariano's request. Mariano did not move for any further continuances. Furthermore, Mariano had almost a year from the date of the filing of his complaint to conduct discovery before his complaint was dismissed.

Finally, Mariano argues that he was denied due process at the summary judgment hearing because the hearing was too quick and was not recorded. But Mariano's opening brief contains no authority in support of this claim. This court will not consider arguments for which the appellant has cited no authority.[21] While this court is mindful of Mariano's pro se status, pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal.[22]

## MOTION TO STRIKE

Swedish moved to strike the exhibits attached to Mariano's briefs on appeal, which primarily included magazine or Internet articles dealing with bypass surgery. The motion is granted as to all exhibits that were not included in the clerk's papers or otherwise properly made a part of the record on appeal.[23]

---

[21] RAP 10.3(a)(6); State v. Bello, 142 Wn. App. 930, 932 n.3, 176 P.3d 554 (2008).
[22] Batten v. Abrams, 28 Wn. App. 737, 739 n.1, 626 P.2d 984 (1981).
[23] RAP 9.12; 10.3(a)(8).

No. 68924-0-I/8

We affirm the summary judgment order.

_____ Cox, J.

WE CONCUR:

_____            _____
Spearman, ACJ.                      Lau, J.