# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CAMILLE PALMER, an individual,

                Appellant,

        v.

RAINBOW FACTORY SHOWROOM,
LLC, a Washington Corporation

                Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 72227-1-I

UNPUBLISHED OPINION

FILED: July 27, 2015

DWYER, J. – Camille Palmer claims that she injured her hand while sliding down a display slide in a play structure showroom. She appeals the dismissal of her negligence claims against the showroom, arguing that summary judgment was improper under the doctrine of res ipsa loquitur. Because she fails to demonstrate that the doctrine applies in this case, we affirm.

I

On March 20, 2010, Camille Palmer and her daughter went shopping for play structures at Rainbow Factory Showroom (Rainbow). They climbed onto a slide in the showroom and slid down together with Palmer's daughter sitting between Palmer's legs. Palmer's complaint alleges that she injured her left hand during her descent.

On March 12, 2013, Palmer sued Rainbow, alleging that her injuries "were caused by a display slide that was negligently designed or assembled." Rainbow filed a third party complaint against the slide's manufacturer, Rainbow Play

Systems, Inc. (RPS). Rainbow alleged that RPS was liable for injuries caused by any defect in the slide.

Exhibits and deposition testimony establish that the slide was supported by wooden posts that were bolted to the side of the slide through a wood runner. The bolts needed to be inspected and tightened annually to ensure that gaps did not form between the runner and the slide or between the post and the runner.

In her deposition, Palmer testified that her hand was on the top edge of the slide as she slid down it. Near the bottom of the slide, her left hand got "stuck" or "caught." By the time her feet reached the bottom of the slide, her left hand was behind her. When she "stood up to try to get it out, it came out." Palmer did not know if her hand "impacted the vertical [support] post or whether it became caught on the other side of [the runner.]" When asked if she thought the injury happened in one of those two ways, she said, "I just know it happened somehow off the side of the slide." When asked if the injury could have occurred further up the slide, she said, "I couldn't answer that."

Rainbow and RPS both moved for summary judgment. Palmer opposed the motions, arguing that the evidence supported claims for negligent assembly under the doctrine of res ipsa loquitur, and a design defect under the ordinary consumer test. In its reply to Palmer's response, Rainbow argued that res ipsa loquitur did not apply because the slide and any defects or causes of the accident were accessible to Palmer after the accident. Rainbow also argued that

it was not a subsidiary of RPS and, therefore, the design defect claim against it should be dismissed.

The court granted both motions for summary judgment and dismissed all of Palmer's claims. Palmer appeals only the order dismissing her claims against Rainbow. Her briefs on appeal address only the dismissal of her negligent assembly claim.[1]

II

The sole issue on appeal is whether the superior court erred in granting summary judgment. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). We review an order of summary judgment de novo, engaging in the same inquiry as the trial court. New Cingular Wireless PCS, LLC v. City of Clyde Hill, __ Wn. App. __, 349 P.3d 53, 56 (2015).

Palmer contends the doctrine of res ipsa loquitur precluded summary judgment. Under that doctrine, a plaintiff is spared the normal requirement of proving specific acts of negligence and the trier of fact is permitted to infer negligence if the following criteria are met:

> (1) the accident or occurrence that caused the plaintiff's injury would not ordinarily happen in the absence of [a defendant's] negligence, (2) the instrumentality or agency that caused the plaintiff's injury was in the exclusive control of the defendant, and (3) the plaintiff did not contribute to the accident or occurrence.

---

[1] Palmer has abandoned her design defect claim against Rainbow.

Curtis v. Lein, 169 Wn.2d 884, 890-91, 239 P.3d 1078 (2010); Pacheco v. Ames, 149 Wn.2d 431, 436, 69 P.3d 324 (2003) (stating that test is whether occurrence "is of a type that would not ordinarily result *if the defendant were not negligent*" (emphasis added)). If any of the three criteria are not satisfied, res ipsa loquitur does not apply. Nguyen v. City of Seattle, 179 Wn. App. 155, 317 P.3d 518, 527 (2014). The doctrine is disfavored and is applied sparingly "'in peculiar and exceptional cases, and only where the facts and the demands of justice make its application essential.'" Tinder v. Nordstrom, Inc., 84 Wn. App. 787, 792, 929 P.2d 1209 (1997) (quoting Morner v. Union Pac. R.R. Co., 31 Wn.2d 282, 293, 196 P.2d 744 (1948)). Whether the doctrine applies in a particular case is a question of law that we review de novo. Pacheco, 149 Wn.2d at 436.

Palmer fails to demonstrate that res ipsa loquitur applies in this case. The argument section of her opening brief consists primarily of several long case quotations and contains just two paragraphs of legal analysis. Those paragraphs state:

> Here, the Plaintiff's testimony --- which must be taken as true in the light most favorable to her --- is that she was using the slide in a perfectly safe manner, but severely injured her hand. There is no evidence to the contrary, and no other conceivable explanation offered for her injury.
>
> Furthermore, Plaintiff has evidence to concretely support a plausible theory of injury --- one that Defendants admit must be guarded against! If the bolts holding the support posts to the slide were improperly assembled, or had loosened, a "gap" would exist, in which Camille's hand would have been "caught."

This argument is insufficient for several reasons.

First, it completely fails to address the first and second criteria for application of the doctrine. See Nguyen, 179 Wn. App. at 173 n.17 ("Nguyen inadequately argued this doctrine in his motion to reconsider and on appeal. His argument consists of conclusory statements that essentially reiterate the elements of res ipsa loquitur without elaboration."). We need not consider claims on appeal that are inadequately argued. State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); State v. Thomas, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004).

Second, as Rainbow correctly points out, Palmer ignores the underlying purpose of the doctrine. Our courts have repeatedly emphasized that "[t]he doctrine permits the inference of negligence *on the basis that the evidence of the cause of the injury is practically accessible to the defendant but inaccessible to the injured person.*" Pacheco, 149 Wn.2d at 436 (emphasis added); Curtis, 169 Wn.2d at 890 (quoting Pacheco). It "allows the plaintiff to establish a prima facie case of negligence when he cannot prove a specific act of negligence *because he is not in a situation where he would have knowledge of that specific act.*" Pacheco, 149 Wn.2d at 441; Curtis, 169 Wn.2d at 894 (quoting Pacheco); accord Robison v. Cascade Hardwoods, Inc., 117 Wn. App. 552, 563, 72 P.3d 244 (2003) (res ipsa loquitur applies where "the plaintiff is not in a position to explain the mechanism of injury" and the defendant "is in a superior position to control and to explain the cause of the injury"); Jackass Mt. Ranch, Inc. v. South Columbia Basin Irrigation Dist., 175 Wn. App. 374, 400, 305 P.3d 1108 (2013) (res ipsa loquitur not applicable where evidence of cause of injury was not

inaccessible; injured party had ability to inspect to determine if party was negligent).

In its response brief, Rainbow points out that Palmer had access to the slide after the accident for expert and other analysis and that she photographed it for purposes of this action. Nevertheless, despite Rainbow's arguments and the above-mentioned authorities, Palmer does not address this issue in either of her briefs on appeal. She fails to demonstrate that this is a "'peculiar and exceptional'" case warranting application of res ipsa loquitur.

Although we need not address the issue further, we note that several of the prerequisites for the application of res ipsa loquitur are arguably not satisfied here. Specifically, on this record, it is difficult to say either that the mechanism producing the injury does not normally happen absent a defendant's negligence, or that Palmer did not contribute to the accident or occurrence. Palmer states in the introduction section of her brief that "it's seemingly obvious that people using a playground slide in the typical manner don't break their hand on the way down unless there's been negligence in the assembly or maintenance of the slide itself." She also claims it is undisputed that her hands were in a safe position on the top of the edge of the slide at the time of the accident. But Palmer admitted in her deposition that she does not know whether her hand struck the plainly visible support post below the edge of the slide. Thus, her own testimony suggests that her hands may have been below the edge of the slide in an arguably unsafe position. An injury resulting from using the slide in this manner

could easily occur in the absence of "negligence in the assembly or maintenance of the slide itself."

Palmer fails to demonstrate that the court erred in dismissing her negligence claim on summary judgment.

Affirmed.

We concur:

_Appelwick, J._

_Dwyer, J._

_Becker, J._

2015 JUL 27 AM 9:0