2016 FEB 29 AM 9: 1



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| BARBARA SMITH, | ) | No. 73228-5-I |
| Appellant, | )<br>)<br>) | DIVISION ONE |
| v. | )<br>) | UNPUBLISHED OPINION |
| ALBERTSON'S LLC, a foreign<br>corporation; and unknown JOHN DOES, | )<br>)<br>) | FILED: February 29, 2016 |
| Respondent. | )<br>) | |

APPELWICK, J. — Smith sued Albertson's after she tripped on a mat in one of its stores and fell. The trial court granted summary judgment in favor of Albertson's. Smith contends that she raised a genuine issue of material fact as to whether the mat was dangerous. She argues Albertson's was on notice that the mat was dangerous, because it placed the mat in the store. We affirm.

## FACTS

On the morning of March 18, 2012, Barbara Smith visited an Albertson's LLC store in Burien. She entered through the store's only public entrance. Immediately inside the entrance were two long, narrow carpeted mats. These mats were to protect against customers tracking moisture into the store. Smith walked the length of one of these mats.

A flower display was located shortly inside the entrance of the store. Albertson's had placed a similar carpeted mat in front of the flower display to prevent customers from slipping on water from the flowers. Albertson's mats were commercial rubber-backed, carpeted mats supplied by Aramark Corporation.

As Smith proceeded into the store, she stepped onto the shorter mat by the flower display with her left foot. As she took another step, her right foot snagged the edge of the mat, and the mat bunched up in front of her foot. Smith tripped on the bunched up mat, falling into the flower display. Smith's fall was recorded by the store's security camera.[1]

Smith sued Albertson's in 2014, alleging that she suffered injuries due to its negligence. Albertson's moved for summary judgment. It argued that Smith could not prove that the mat was a hazardous condition or that Albertson's had notice of any danger. The trial court agreed and granted summary judgment for Albertson's. Smith appeals.

## DISCUSSION

Summary judgment is proper only if the pleadings, depositions, answers, admissions, and affidavits show that there is no genuine issue of material fact. CR 56(c). In a summary judgment motion, the moving party must show the absence of an issue of material fact. Iwai v. State, 129 Wn.2d 84, 95, 915 P.2d 1089 (1996). Then, the nonmoving party must set forth specific facts showing a genuine issue

---

[1] The trial court reviewed stills from the video and the video itself before making its decision. However, the parties have not made the video part of the record on appeal, so this court is unable to review it. But, the record does contain stills from the video, which we have reviewed.

for trial. Id. at 95-96. On appeal, this court reviews summary judgment orders de novo, engaging in the same inquiry as the trial court. Id. at 96. We consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. Id.

To prevail on a claim of negligence, the plaintiff must prove the existence of a duty, breach of that duty, a resulting injury, and proximate cause between the breach and the injury. Tincani v. Inland Empire Zoological Soc., 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994). In a premises liability action, the landowner's duty of care depends on whether the plaintiff was an invitee, licensee, or trespasser. Id. at 128.

Here, it is undisputed that Smith was an invitee. Washington follows the Restatement (Second) of Torts § 343 (Am Law Inst. 1965) regarding a landowner's duty of care to an invitee. Curtis v. Lein, 169 Wn.2d 884, 890, 239 P.3d 1078 (2010). The Restatement provides that a landowner will only be subject to liability for harm caused to invitees by a condition on the land if it:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> (c) fails to exercise reasonable care to protect them against the danger.

Id.

3

Smith challenges the dismissal of her negligence claim at summary judgment for failure to establish notice of a dangerous condition. Smith alleges that the mat by the flower display was a dangerous condition. Albertson's placed the mat by the flower display on purpose; it knew that the mat was there. The plaintiff is not required to establish notice when the landowner itself creates the dangerous condition. Falconer v. Safeway Stores, Inc., 49 Wn.2d 478, 480, 303 P.2d 294 (1956). Therefore, the only question is whether Smith raised a genuine issue of material fact about whether the mat was a dangerous condition.

Smith asserts that she did create a genuine issue of material fact by submitting an expert declaration. An expert opinion on an ultimate question of fact is sufficient to create a genuine issue of material fact that would preclude summary judgment. Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 352, 588 P.2d 1346 (1979). But, the trial court may disregard expert affidavits that contain conclusions of law. Eriks v. Denver, 118 Wn.2d 451, 458, 824 P.2d 1207 (1992). And, in the context of summary judgment, an expert must support his opinion with specific facts—things that exist in reality. Woodward v. Lopez, 174 Wn. App. 460, 468, 300 P.3d 417 (2013). Statements of ultimate facts or conclusory statements of fact are not sufficient to defeat a summary judgment motion. Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988).

Here, Smith offered the declaration of Tom Baird, a safety consultant. Baird is a certified walkway safety auditor and floor safety technician. His declaration was based on his review of the pleadings and exhibits, as well as the security video of Smith's fall. He did not inspect the mat in question, nor did he inspect the store. Baird observed that the longer mats by the entrance had labels on them, but the shorter mat by the flower display did not. From this, Baird concluded that they were different types of mats. He noticed that another customer rubbed his feet on one of the long mats without crumpling it. And, an Albertson's employee was able to lift and straighten the shorter mat with one hand. Baird also noted that the National Institute of Occupational Safety and Health has observed that "mats are only effective if properly used and maintained. Mats placed to absorb moisture become trip and/or slip hazards themselves if not properly secured from moving." And, he mentioned Americans with Disabilities Act[2] by name and noted "that walking surfaces be firm, stable, and slip resistant." From these materials, Baird opined that the mat in front of the flower display was too flimsy and unsecured, such that it created an unreasonable trip hazard.

At the summary judgment hearing, Albertson's argued that Baird's opinion was not based on fact, and therefore was not sufficient to create an issue of material fact. The trial court agreed, deciding that Baird's declaration offered only legal conclusions and had an inadequate factual basis. Consequently, the trial

---

[2] The referenced act is federal law, the citation to the act is Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213.

court decided that it could weigh the evidence, and it gave zero weight to Baird's opinion.

Smith relies on Batten v. S. Seattle Water Co., 65 Wn.2d 547, 398 P.2d 719 (1965) and Lamon to contend that an expert witness's opinion as to whether a dangerous condition existed should preclude summary judgment. But, those cases are distinguishable.

In Batten, the plaintiff fell when she stepped on the loose lid of a water meter box. 65 Wn.2d at 547. Two experts testified[3] that the installation of the meter box made it unsafe. Id. at 549-50. They described the mechanics that would cause material to accumulate in a way that could raise and loosen the lid after a period of time. Id. And, they both testified that other boxes were available with better fitting lids. Id. at 550. The Batten court found this expert testimony was appropriate, because the mechanical process that made the lid unsafe needed clarification. Id. at 551.

Similarly, in Lamon, the plaintiff fell into an unsecured escape hatch while preparing an airplane for flight. 91 Wn.2d at 347-48. She submitted an affidavit of an engineer, who examined the escape hatches on the airplane in question and another airplane. Id. at 348. He determined that the escape hatch that the plaintiff fell into was unreasonably dangerous, because the escape hatch cover was a

---

[3] Batten presents a poor analogy to the present case, as that case was not resolved at summary judgment. Instead, the case proceeded to trial, and the experts testified before the jury. Id. at 549-50. The question on appeal was whether the trial court abused its discretion in admitting the expert testimony, not whether the expert's opinion created a genuine issue of material fact. Id. at 551.

loose panel that had to be manually placed into the hatch opening. Id. These dangerous features were not present in the other airplane the engineer examined—that airplane had an escape hatch cover that closes automatically. Id. at 349. The Lamon court held that the plaintiff created a genuine issue of material fact through this affidavit, because it raised the issue of whether the design of the hatch cover was an unreasonably dangerous condition.[4] Id. at 351-52.

Therefore, the objects causing injury in both Batten and Lamon involved complicated mechanical processes. The experts examined the mechanics of the meter box and the airplane hatch themselves. Batten, 65Wn.2d at 549-50; Lamon, 91Wn.2d at 348. They then applied their specific knowledge to explain why the mechanics these objects created dangerous conditions. Batten, 65Wn.2d at 549-50; Lamon, 91Wn.2d at 348-49. And, they noted that other products were available without those dangerous features. Batten, 65Wn.2d at 550; Lamon, 91Wn.2d at 349. In those cases, the experts explained complex concepts that could not be understood without assistance.

Here, Baird did not inspect the short mat on which Smith tripped. Nor did he inspect the long mats to which he attempts a comparison. Nor did Baird inspect the store's floor. Consequently, Baird's declaration did not provide any facts about the weight, stiffness, or slip resistance of the shorter mat. And, while Baird mentioned the existence of standards, he did not state a particular standard or

---

[4] Lamon is also an imperfect comparison, because the plaintiff in that case sued on a product liability theory. 91 Wn.2d at 350. Under that theory, whether a product is reasonably safe within the expectations of an ordinary consumer was an issue of material fact. Id. at 350-51.

attempt to apply a standard requiring a particular weight, stiffness, or slip resistance for commercially used mats. He presented no evidence that this type of mat must be secured with adhesive. He presented no evidence as to the type or amount of force that such a mat must be able to withstand without crumpling. Baird did not refer to a standard from which this court can infer that this type of mat breaches a standard if it can be lifted with one hand.

Baird suggested that other, more secure mats are available. In support of this, he pointed to the fact that a customer could wipe his feet on the long mat without bunching it up. But, Baird presented no evidence that the long entrance mats were a different type of mat—he merely speculated that they were different from the fact the long mats had visible labels while the shorter mat did not. And, even if the mats were different, Baird presented no information about the type of foot action, the amount of force applied, or the placement of the person's feet on the mat to suggest that wiping one's feet is comparable to Smith's trailing foot catching on the rug.

Thus, Baird's declaration did not provide any new information to establish a question of fact or even an inference of a question of fact. Instead, Baird merely repeated what is in the security video. Having observed Smith's trailing right foot strike the mat near the edge, and the mat crumpling in front of Smith as she falls, he characterized the crumpling as evidence of a "flimsy" mat. And from that, he labeled the mat "dangerous." These are conclusory statements that add no new factual information. The fact that there was a fall does not establish negligence.

Brant v. Market Basket Stores, Inc., 72 Wn.2d 446, 448, 433 P.2d 863 (1967). Nor does the fact that the mat bunched up in front of Smith establish that the mat was per se dangerous.

Smith's comparisons to Batten and Lamon are therefore inapposite. In those cases, the experts added facts that showed that the conditions were dangerous. See Batten, 65Wn.2d at 549-50; Lamon, 91Wn.2d at 348-49, 351-52. They added information that would not be apparent to a layperson seeking to understand how the accident occurred. See Batten, 65Wn.2d at 551; Lamon, 91Wn.2d at 348-49. Baird, however, simply drew conclusions from the same information available to the court. We conclude that the trial court properly disregarded Baird's declaration.[5]

Consequently, there is no evidence to suggest that the mat was hazardous. Smith offered no evidence to suggest that the mat in front of the flower display was dangerously flimsy or unsecured. Instead, the evidence led to only one reasonable conclusion: Smith crumpled up the mat while walking, and she tripped as a result.

---

[5] Smith contends that the trial court erred by assigning weight to Baird's declaration. We agree that the trial court is not permitted to weigh the evidence of one side against that of the other side on a motion for summary judgment. See Barker v. Advanced Silicon Materials, LLC, 131 Wn. App. 616, 624, 128 P.3d 633 (2006). However, we review summary judgment decisions de novo. Iwai, 129 Wn.2d at 96. And, the trial court may strike an expert opinion when it is unsupported by facts and offers only legal conclusions. Woodward, 174 Wn. App. at 468. Because Baird's declaration was speculative and did not provide an appropriate expert opinion, the trial court was correct to conclude it had no "weight" to contribute to the plaintiff withstanding summary judgment. See Rothweiler v. Clark County, 108 Wn. App. 91, 100-01, 29 P.3d 758 (2001) (noting that in the context of a summary judgment motion, the trial court will disregard expert opinions if the factual basis for the opinion is inadequate).

Therefore, Smith failed to establish a genuine issue of material fact as to whether her fall was caused by a dangerous condition in the Albertson's store.

Thus, Smith did not establish that Albertson's had notice of a dangerous condition on the premises. As a result, she failed to show that Albertson's owed her a duty. Given this failure of proof, summary judgment was proper.

We affirm.

Appelwick, J.

WE CONCUR:

Spearman, C.J.                    Leach, J.