2016 JUN -6 AM 10: 2



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73250-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BEE THOW SAYKAO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 6, 2016 |
| | ) | |

VERELLEN, C.J. — Bee Saykao appeals his conviction for felony harassment of a criminal justice participant. Challenging this court's decision in State v. Boyle,[1] he argues the State was required but failed to prove that criminal justice participant Kathleen Johnson reasonably believed Saykao had the present *and* future ability to carry out his threat. Because we agree with this court's decision in Boyle, we reject Saykao's argument.

Saykao also argues that there was insufficient evidence but, viewed in the light most favorable to the State, the record supports Saykao's ability to carry out his threat in the future. Therefore, we affirm.

## FACTS

On July 29, 2014, Bee Saykao went to community corrections supervisor Kathleen Johnson's office to retrieve his backpack after being released from custody.

---

[1] 183 Wn. App. 1, 335 P.3d 954 (2014), review denied, 184 Wn.2d 1002 (2015).

Saykao became upset after discovering that his cigarettes were missing. After Johnson's attempts to calm Saykao failed, she asked him to leave. Community corrections officers Doug Daviscourt and Daniel McDonagh escorted Saykao towards the exit of the building.

As Saykao walked away, Johnson asked him whether he knew his next report date. Saykao replied, "I'm not coming back."[2] When Johnson told him that was his choice, Saykao turned back towards her and stated, "If you don't shoot me, I will shoot you."[3]

Johnson went into "a state of shock" after hearing Saykao's threat.[4] During her 29-year career with the Department of Corrections, she had only been threatened once, 27 years ago in a phone call. Johnson was not worried that Saykao would carry out his threat instantaneously because he was being escorted out by two community corrections officers, but she was concerned that once she left the building, she would be "findable."[5]

The State charged Saykao with felony harassment of a criminal justice participant under RCW 9A.46.020(2)(b). The jury convicted Saykao as charged.

Saykao appeals.

## ANALYSIS

Saykao challenges this court's reading of RCW 9A.46.020(2)(b) in Boyle, arguing that "a threat is insufficient to convict for felony harassment of a criminal justice

---

[2] Report of Proceedings (RP) (Mar. 2, 2015) at 153.

[3] Id.

[4] Id. at 154.

[5] Id. at 175.

participant if it is apparent to the criminal justice participant that the person making the threat does not have both the present and future ability to carry out the threat."[6] His argument fails.

We review questions of statutory interpretation de novo.[7] Our primary objective in interpreting a statute is to ascertain and carry out the legislature's intent.[8] "To determine legislative intent, we first look to the plain language of the statute considering the text of the provision in question, the context of the statute, and the statutory scheme as a whole.'"[9] "If the statute is unambiguous after a review of the plain meaning," our inquiry ends.[10] This court presumes "the legislature does not intend absurd results."[11]

Under RCW 9A.46.020(1), a defendant is guilty of harassment if, without lawful authority, he or she "knowingly threatens" to "cause bodily injury immediately or in the future to the person threatened or to any other person" and "by words or conduct places the person threatened in reasonable fear that the threat will be carried out." The offense is elevated to a felony under RCW 9A.46.020(2)(b) if

> (iii) the person harasses a criminal justice participant who is performing his or her official duties at the time the threat is made; or (iv) the person harasses a criminal justice participant because of an action taken or decision made by the criminal justice participant during the performance of his or her official duties. For the purposes of (b)(iii) and (iv) of this subsection, the fear from the threat must be a fear that a reasonable criminal justice participant would have under all the circumstances. *Threatening words do not constitute harassment if it is apparent to the*

---

[6] Appellant's Br. at 6.

[7] State v. Evans, 177 Wn.2d 186, 191, 298 P.3d 724 (2013).

[8] State v. Veliz, 176 Wn.2d 849, 854, 298 P.3d 75 (2013).

[9] State v. Reeves, 184 Wn. App. 154, 158, 336 P.3d 105 (2014) (quoting State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013)).

[10] State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010).

[11] State v. Ervin, 169 Wn.2d 815, 823, 293 P.3d 354 (2010).

*criminal justice participant that the person does not have the present and future ability to carry out the threat.*[12]

In Boyle, this court addressed an argument nearly identical to Saykao's: that the last sentence in RCW 9A.46.020(2)(b) "clearly states that threatening words only constitute harassment if it is apparent to the criminal justice participant that the defendant has the present and future ability to carry them out."[13] In Boyle, the defendant was handcuffed when he told a police officer that someone would kill him and his family.[14] Boyle argued that the jury should have been instructed that the State had to prove both a present and future ability to carry out the threat.[15] The Boyle court determined that Boyle misread the statute: "To the contrary, as the trial court stated, '[T]his sentence is phrased as an exception, not as an element.'"[16] Therefore, the court concluded that statements to a criminal justice participant constitute felony harassment if it is apparent to the participant that the speaker had either the present or future ability to carry out the threat.[17] The court noted that this interpretation was consistent with the definition of "harassment" under RCW 9A.46.020(1), which includes threats to cause bodily injury "immediately or in the future."[18]

---

[12] RCW 9A.46.020(2)(b) (emphasis added).

[13] Boyle, 183 Wn. App. at 11.

[14] Id. at 5.

[15] Id. at 11.

[16] Id. (alteration in original).

[17] Id.

[18] Id.

Saykao challenges this court's decision in Boyle.[19] He argues that because the language at issue in RCW 9A.46.020(2)(b) is "negatively phrased," it should be "interpreted to impose an affirmative burden of proof on the State."[20] We conclude the legislature did not intend that we delete both of the "nots" from the critical sentence to arrive at the inverse statement that threatening words constitute harassment only if the person has both the present and future ability to carry out the threat. We decline to infer the inverse of a double negative statement in a statute.[21]

Accordingly, we agree with this court's interpretation of RCW 9A.46.020(2)(b) in Boyle. Saykao's argument fails.

---

[19] The parties briefed the incorrect and harmful standard for overruling prior decisions. We note that, consistent with Grisby v. Herzog, the standard for determining whether to follow a prior decision in the Court of Appeals does not require a showing that the prior decision is both incorrect and harmful. 190 Wn. App. 786, 806-10, n.6, 362 P.3d 763 (2015) ("it is not obligatory for this court to use, or for parties to brief in this court, a standard developed by the highest state court for its own use in determining whether to overrule one of its own decisions").

[20] Reply Br. at 2.

[21] See Washington Fed. v. Gentry, 179 Wn. App. 470, 483-85, 319 P.3d 823 (2014) review granted sub nom. Washington Fed. v. Harvey, 180 Wn.2d 1021, 328 P.3d 902 (2014) and aff'd sub nom. Washington Fed. v. Harvey, 182 Wn.2d 335, 340 P.3d 846 (2015) ("Moreover, the Gentrys' interpretation of RCW 61.24.100(10) is the inverse of what the plain language says. We also decline to add the inverse to the statute when the Legislature did not expressly do so. . . . [Such a reading] is grounded in a logical fallacy. 'The proposition that "A implies B" is not the equivalent of "non-A implies non-B," and neither proposition follows logically from the other.'"); see also Roe v. TeleTech Customer Care Mgmt. (Colorado) LLC, 171 Wn.2d 736, 748 n.4, 257 P.3d 586 (2011) (explaining "it is logically invalid to adopt as a conclusion the contrapositive (employers are required to accommodate off-site use)") (citing Ruggero J. Aldisert, Logic for Lawyers: A Guide to Clear Legal Thinking 156-58 (3d ed. 1997)); Doug Karpa, Loose Canons: The Supreme Court Guns for the Endangered Species Act in National Association of Home Builders v. Defenders of Wildlife, 35 Ecology L.Q. 291, 322 & n.194 (2008) ("Given a proposition, 'if A then B,' only the contrapositive, 'if not B then not A,' is a valid inference. Here the court attempts to infer the inverse, 'if not A then not B' from section 402.03—an invalid inference.").

Saykao also argues that there was insufficient evidence to convict him because he "lacked the present ability to carry out the threat."[22] Because the State is not required to prove that the speaker had the ability to carry out the threat both immediately and in the future, sufficient evidence supports the conviction.

A challenge to the sufficiency of the evidence admits the truth of the State's evidence, and all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant.[23]

Johnson was afraid of potentially being assaulted on her way to and from work or at home. Although she was not worried that Saykao would carry out his threat instantaneously, she was concerned that once she left the building she would be "findable."[24]

Therefore, sufficient evidence supports Saykao's conviction for felony harassment of a criminal justice participant.

Affirmed.

WE CONCUR:

Cox, J.

Becker, J.

---

[22] Appellant's Br. at 18.

[23] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[24] RP (Mar. 2, 2015) at 163, 175.