

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 OCT 16 PM 12: 44

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| GREGORY CORWIN, an individual, | No. 75659-1-I |
| Appellant, | |
| | DIVISION ONE |
| v. | |
| | |
| CITY OF KENT, a municipal corporation, | UNPUBLISHED OPINION |
| | |
| Respondent. | FILED: October 16, 2017 |

SPEARMAN, J. — For an invitee to establish premises liability, he must show that the landowner knows or by the exercise of reasonable care would discover the injury causing condition, and should realize that it involves an unreasonable risk of harm to invitees. Gregory Corwin sprained his ankle when he fell off a submerged pile of materials in Lake Meridian. After filing his complaint against the City of Kent, Corwin searched the Lake Meridian lakebed for the pile of materials he alleged caused his injury, but he did not find it. Nor did he produce any evidence that the City knew about any such dangerous condition. We therefore affirm the trial court's dismissal of Corwin's claim.

## FACTS

Gregory Corwin went boating on Lake Meridian with friends and family on August 4, 2012. Corwin launched his boat on the boat ramp at Lake Meridian Park (Park). Later, Corwin anchored his boat in about four feet of water, fifty to

seventy five feet away from the beach, and went to shore. Wading back to his anchored boat, Corwin encountered large pieces of material, like concrete or rock, submerged in the lake. In chest deep water, he took two or three steps up the pile until he was only knee deep in water. When he came down the other side, he fell. His foot went into a hole in the lakebed, which sprained his ankle.

Searching the area of his injury about three years later, Corwin could not find the condition that caused his injury. Two underwater videos of the lakebed do not show a pile of materials like that described by Corwin. The City of Kent owns and operates the Park. It was unaware of, and had received no other reports of submerged objects like that encountered by Corwin.

Before Corwin's accident, several construction projects in the area involved rocks and concrete. In "phase II" of park construction, a concrete boat ramp was removed from the area where Corwin was injured sometime between 1992 and 1995. Phase II also involved building a new boat ramp somewhere in the Park. During this time, King County owned the Park, and phase II project documents are directed to King County.

Later, a 2005 project replaced existing rockery on the shoreline to prevent erosion. In 2014, after Corwin's accident, the City requested approval for replacing and smoothing out the sand on the beach. Both of these projects involved work above the shoreline.

Corwin filed a complaint against the City, alleging that it had a duty to protect him from the dangerous conditions in the lakebed. The City denied the premises liability claim and asserted the affirmative defenses of assumption of

risk and immunity under the Recreational Use Immunity Act, chapter 4.24 RCW. The trial court granted the City's motion for summary judgment, finding that Corwin did not state a claim for premises liability. The trial court also found that the City failed to meet its burden on immunity and assumption of risk. Corwin appeals and the City cross appeals on immunity and assumption of risk.

## DISCUSSION

Corwin argues that the trial court erred when it dismissed his premises liability claim. He contends that construction project documents show that the City knew or should have known about the condition that injured him.

We review a trial court's grant of summary judgment de novo and engage in the same inquiry as the trial court. Wash. Fed. v. Harvey, 182 Wn.2d 335, 339, 340 P.3d 846 (2015). Summary judgment is proper where, viewing the facts in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

The parties agree that this court should assume that Corwin was an invitee in its premises liability analysis. Washington has adopted the Restatement (Second) of Torts as to a landowner's duty of care to an invitee. Curtis v. Lein, 169 Wn.2d 884, 890, 239 P.3d 1078 (2010).

> A possessor of land is subject to liability for physical harm caused
> to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover
> the condition, and should realize that it involves an unreasonable
> risk of harm to such invitees, and

> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Tavai v. Walmart Stores, Inc., 176 Wn. App. 122, 128, 307 P.3d 811 (2013) (quoting RESTATEMENT (SECOND) OF TORTS § 343 (1965)).

Corwin argues that he presented evidence satisfying the first element: that the City knew or should have known about the condition that injured Corwin. Specifically, Corwin points to evidence of three construction projects.

The first was the phase II project involving the construction and demolition of boat ramps. A 1995 project drawing shows a structure protruding into the lake near where Corwin was injured. A note to the drawing states, "[e]xisting conc.[rete] planking. Remove Salvage for Reuse @ Contractor's Option." Clerk Papers (CP) at 144. Corwin suggests that the planking was not actually removed, so the City should have known about the dangerous condition. But the note indicates that the planking was removed. And, the fact that Corwin was unable to locate any evidence of a pile of concrete planking in the lakebed supports that conclusion.[1]

Corwin next points to project drawings of temporary shoring measures for a boat ramp to be built with concrete planks, steel bars, and galvanized U-bolts. Corwin hypothesizes that the temporary shoring materials and concrete planks could have caused his injury. But a technical note to the plans indicates that the

---

[1] Although the record does not show that the City was in possession of the phase II project documents, the City conceded the point at oral argument. But the concession is of no help to Corwin because the documents themselves do not establish the existence of a hazard.

temporary shoring for the boat ramp would be removed after completion. And, again, Corwin's failure to find the hazardous condition is evidence that the temporary shoring materials were removed. Finally, there is no evidence that this new boat ramp was installed where Corwin was injured, nor is there evidence that the boat ramp was ever decommissioned, causing concrete planks to pile up and cause injury.

Corwin contends that underwater videos and an expert witness report are evidence of construction debris. We disagree. The underwater videos show very little concrete material in the lakebed and do not support that the City should have known about supposed construction debris. And Corwin's expert does not state that construction debris remained. Instead, he only speculates that "[i]f the materials were not completely removed by defendant's contractor, this would correspond with the description given by Mr. Corwin of the terrain he experienced and the hole he encountered." CP at 91. The expert also describes submerged rocks that, in his opinion, were not naturally occurring. But it was concrete, not rocks, that Corwin alleges the City should have known about due to construction debris. The videos and the expert's testimony do not support Corwin's theory that the City should have known about the dangerous condition due to phase II construction. Corwin also argues that two additional construction projects in 2005 and 2014 provide evidence of knowledge. But as the City points out, these projects remediated problems above the shoreline.

Like the trial court, we are unpersuaded that the underwater videos, the expert's testimony or the evidence of construction projects create a genuine

5

issue of material fact as to the City's knowledge of an underwater hole or pile of material.

Lastly, Corwin argues that the City should have known about the pile of material through the exercise of reasonable care because it was close to the designated swimming area and was an area to load and unload passengers while boating. But we disagree that the City should have discovered a condition that could not be found later by Corwin and an underwater diver, and had not been reported by other park users.

Because Corwin cannot establish the first element of premises liability, we do not reach whether he establishes the remaining elements. Similarly, we do not review the City's cross-appeal on immunity and assumption of risk.

Affirmed.

WE CONCUR:

Spearman, J.

Mann, J.

Trickey, ACJ