# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOHANNES MAK, | ) | No. 75827-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF KENT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: December 26, 2017 |

SPEARMAN, J. — The City of Kent (City) indemnifies an employee against legal action arising by reason of the fact that he or she is a City employee. While on duty, Officer Johannes Mak of the Kent Police Department shared information with a friend about a confidential informant. As a result, Mak became the subject of an investigation into obstruction of justice. He requested that the City pay his legal fees related to the investigation. When the City declined to indemnify, Mak sued. We affirm the trial court's dismissal of the suit.

## FACTS

As a police officer for the City of Kent, Johannes Mak met Mark Bryant, the owner of a local automobile repair shop, while investigating alarm calls at the business. Over the course of about ten years, the two men became friends. In

the fall of 2012, the U.S. Drug Enforcement Agency began investigating Bryant for illegally selling guns and controlled substances. Mak heard from the Kent Assistant Chief of Police that Bryant's niece had told investigating authorities that Bryant had two Kent police officers in his pocket.

Mak related the niece's accusation to Bryant. According to Mak, he confronted Bryant at his auto shop while he was on duty, arriving in his squad car and in uniform. Angry that Bryant's niece had maligned his character, Mak inadvertently revealed that the niece was talking with law enforcement. He did not write a report on the interaction. Mak admitted that this confrontation was personal, even though he was on duty when it occurred.

But according to Bryant and the federal investigators, the men either saw each other or talked on the phone while at a gun show. At that time, Mak revealed that Bryant was being investigated, and that Bryant's niece was cooperating with authorities as a confidential informant. Mak admits calling Bryant at a gun show while he was off duty, recovering from back surgery at home. He concedes that their conversation had nothing to do with the course and scope of his employment, but denies revealing information related to the investigation. Bryant was later arrested on drug trafficking and firearms charges.

In September 2013, the U.S. Attorney's Office notified Mak that he was the target of a Grand Jury investigation for obstruction of justice. The U.S. Attorney's Office alleged that Mak alerted Bryant to the investigation and

identified his niece as a confidential informant. Mak was placed on administrative leave.

After learning he was under investigation, Mak hired an attorney and requested that the City pay his legal fees. He made this request pursuant to the Kent City Code (KCC) 2.96.010 indemnifying employees for their legal fees under certain circumstances. The City denied the request.

Mak later negotiated a settlement with the U.S. Attorney's Office, which agreed to not pursue charges, and Mak retired from law enforcement. Mak then filed suit against the City to recover his attorney fees. The trial court granted summary judgment to the City, dismissing the lawsuit. Mak appeals.

## DISCUSSION

Mak argues that the Kent City Code requires that the City indemnify him for his legal fees. He contends that because he learned the identity of the confidential informant in his role as a police officer, and was on duty when he confronted Bryant, the City must pay for his legal defense. The City argues that under the plain language of the Kent City Code, Mak is not entitled to indemnification because tipping off Bryant was not related to his employment.

We review a trial court's grant of summary judgment de novo and engage in the same inquiry as the trial court. Wash. Fed. v. Harvey, 182 Wn.2d 335, 339, 340 P.3d 846 (2015). Summary judgment is proper where, viewing the facts in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

The meaning of a statute is a question of law that we also review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). When possible, we derive the legislative intent of a statute solely from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013) (citing State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010)). A municipal ordinance, like the one at issue here, is construed according to these rules of statutory construction. World Wide Video, Inc. v. City of Tukwila, 117 Wn.2d 382, 392, 816 P.2d 18 (1991).

The Kent City Code contains a procedure whereby employees may be indemnified for legal fees under certain circumstances:

> The city council shall in all cases provide competent legal counsel of its choosing, to defend any elected official, officer or employee of the city, or the member of any city board or commission who is a party, or is threatened to be made a party to any threatened, pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative, <u>by reason of the fact that such person is or was an elected official or officer or employee of the city, or member of any city board or commission.</u> The city shall pay or indemnify such elected official, officer or employee, or member of any city board or commission as against all expenses, fees, judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding, except as otherwise provided in this chapter.

4

KCC 2.96.010 (emphasis added). The indemnification ordinance requires that the legal action be related to City employment.

Viewing the evidence in the light most favorable to Mak, he became the subject of investigation because he told Bryant that his niece had reported that he had two Kent officers in his back pocket. Mak acknowledged that his on duty confrontation with Bryant was of a personal nature, there was no official reason for it, and that he did not memorialize it with a report. Similarly, his phone conversation with Bryant occurred while Mak was at home, off duty while recuperating from surgery, and did not involve official police business. Thus, although Mak acquired this information as a police officer, he did not share it with Bryant by reason of the fact that he was a police officer.

Mak argues that he is entitled to indemnification because he was on duty when he confronted Bryant. But the plain language of the ordinance is not that expansive. It indemnifies for an investigation initiated by reason of the fact that the person is an employee, not for any activity taking place while the employee is at work. In addition, under this interpretation of the statute, any and every action by an officer while on duty would require indemnification. As Mak conceded to the trial court, his interpretation would indemnify a police officer who robbed a convenience store while on duty.

This kind of absurd result was rejected in Sanders v. State, 166 Wn.2d 164, 168, 207 P.3d 1245 (2009). In Sanders, a Supreme Court Justice went on an official visit to a Special Commitment Center during which he engaged in

unethical conversations with inmates. Under a different statute than the one at issue here, he sought assistance for his defense against allegations of ethical violations. Although the statute in that case did not expressly limit its application to official acts, the court held that applying the statute "without an official acts limitation would lead to a result the legislature obviously did not intend–requiring the attorney general to represent a judge before administrative agencies in all matters, both official and private." Sanders, 166 Wn.2d at 171-72. In so holding, the court concluded that the alleged ethical violations were not official actions even though they occurred during an official visit. Id. at 172. Similarly here, being on duty does not convert an officer's every action to one done by reason of the fact that he is a police officer.[1]

Under the plain language of the Kent ordinance, Mak is not entitled to indemnification because his actions were not taken by reason of the fact that he was a police officer. The trial court did not err by dismissing the suit.

Affirmed.

WE CONCUR:

_____

_____

_____

---

[1] Mak argues that unlike in Sanders, he was never charged or convicted of any wrongdoing. But Sanders analyzes whether the underlying conduct, charged or not, is an official action. Id. at 164. Thus, Sanders is instructive even where the accused was not charged or convicted of wrongdoing.

6