IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AUGUST 1, 2003 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-NC9, | ) ) ) ) ) ) ) ) | No. 77813-7-I DIVISION ONE |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| JOLEE R. ROGELSTAD, GARY GOFORTH, AND/OR OTHER UKNOWN OCCUPANTS, | ) ) ) ) ) | |
| Appellants. | ) ) | FILED: April 29, 2019 |

SCHINDLER, J. — Jolee Rogelstad and Gary Goforth live in a house on 4704 Sand Road in Bellingham. In October 2014, Deutsche Bank National Trust Company obtained title to the property through a judicial foreclosure action under chapter 61.12 RCW. We affirm the judgment for possession and order to issue a writ of restitution directing the sheriff to restore possession to Deutsche Bank.

Judicial Foreclosure

Jolee Rogelstad and Gary Goforth (collectively, Rogelstad) live at 4704 Sand Road, Bellingham, Washington 98226. On November 25, 2008, Deutsche Bank filed a

judicial foreclosure action on the property owned by Rogelstad under chapter 61.12 RCW. Rogelstad did not file an answer in the foreclosure action. On September 21, 2009, the court entered a judgment in favor of Deutsche Bank.

On August 11, 2014, the court entered an order directing the Whatcom County Sheriff to sell the property to satisfy the judgment. Deutsche Bank purchased the property at the public auction on October 17, 2014 for $347,500.

On November 19, 2015, one year after the statutory redemption period, the Whatcom County Sheriff issued a "Sheriff's Deed to Real Property" (Sheriff's Deed) to Deutsche Bank. Deutsche Bank recorded the deed.

Unlawful Detainer Action

On May 1, 2017, Deutsche Bank served Rogelstad with a "Notice to Vacate" the property. On May 30, 2017, Deutsche Bank filed a "Complaint on Unlawful Detainer" action in Whatcom County Superior Court. Deutsche Bank served Rogelstad with the summons and complaint. Deutsche Bank asserted it is "the owner of and entitled to possession of" the 4704 Sand Road property. Deutsche Bank alleged Rogelstad is "unlawfully holding possession of the premises." Deutsche Bank requested a writ of restitution "restoring possession of the premises" to Deutsche Bank.

Rogelstad asserted Deutsche Bank wrongfully foreclosed on the property under the nonjudicial foreclosure act, chapter 61.24 RCW, and the title Deutsche Bank held is void.

The court entered a "Judgment for Possession and Order for Issuance of Writ of Restitution." The court concluded the uncontroverted record showed Deutsche Bank is the "owner of and entitled to possession of" the property at 4704 Sand Road,

Bellingham, Washington 98226. The court found that Deutsche Bank purchased the property at a foreclosure sale on October 17, 2014 and obtained a Sheriff's Deed to the property. The court concluded Deutsche Bank "was entitled to immediate possession of the Property" and Rogelstad was "unlawfully holding over in the Property." The court concluded the Notice to Vacate was "properly served" on Rogelstad and Deutsche Bank is "entitled as a matter of law to judgment and a writ of restitution restoring possession of the Property to it."

Appeal of Order of Restitution

Rogelstad appeals the writ of restitution. We hold "pro se parties to the same standards to which it holds attorneys." Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010).

Rogelstad contends the court erred by entering the writ of restitution because it did not consider whether Deutsche Bank wrongfully foreclosed on the property under the nonjudicial foreclosure act, chapter 61.24 RCW.[1]

An unlawful detainer action is "a summary proceeding for obtaining possession of real property." Fed. Nat'l Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382, 353 P.3d 644 (2015). "The action is a narrow one, limited to the question of possession and related issues such as restitution of the premises and rent." Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). " 'Unlawful detainer actions offer a plaintiff the advantage of speedy relief, but do not provide a forum for litigating claims to title.' " Selene RMOF

---

[1] Rogelstad also argues the court violated Code of Judicial Conduct Rule 2.2 and 2.11 by not making reasonable accommodations to ensure a pro se litigant had "the opportunity to have their matters fairly heard" and should have disqualified himself. CJC 2.2 cmt. 4. The record does not support Rogelstad's argument. The record shows the court ensured Rogelstad had an opportunity to have her claims fairly heard.

II REO Acquisitions II, LLC v. Ward, 189 Wn.2d 72, 81, 399 P.3d 1118 (2017) (quoting Ndiaye, 188 Wn. App. at 382).

Under RCW 59.12.030(6), a "tenant of real property for a term less than life is guilty of unlawful detainer" if:

> A person who, without the permission of the owner and without having color of title thereto, enters upon land of another and who fails or refuses to remove therefrom after three days' notice, in writing and served upon him or her in the manner provided in RCW 59.12.040. Such person may also be subject to the criminal provisions of chapter 9A.52 RCW.

The uncontroverted record establishes that Rogelstad does not have color of title. The unchallenged findings establish Rogelstad continues to occupy the property after Deutsche Bank purchased the property and obtained title through a Sheriff's Deed.

Below and on appeal, Rogelstad relies on a nonjudicial foreclosure statute, RCW 61.24.040(10),[2] to argue Deutsche Bank wrongfully foreclosed on the deed of trust by selling the house more than 120 days after the court entered a judgment for Deutsche Bank in the foreclosure action. See also Albice v. Premier Mortg. Servs. of Wash., Inc., 157 Wn. App. 912, 927-28, 239 P.3d 1148 (2010) (postponement of nonjudicial foreclosure sale cannot exceed 120 days and any sale after 120 days is void). The statutes and case law Rogelstad cites relate only to a nonjudicial foreclosure action under chapter 61.24 RCW, not a judicial foreclosure under chapter 61.12 RCW.

The record establishes that Deutsche Bank filed a judicial foreclosure under chapter 61.12 RCW and the court entered a judgment in favor of Deutsche Bank on September 21, 2009. On August 11, 2014, the court ordered the sale of the property to satisfy the judgment. See RCW 61.12.060. Deutsche Bank purchased the property at

---

[2] Rogelstad cites former RCW 61.24.040(6) (2012). Because the legislature did not amend the pertinent language of former RCW 61.24.040(6), we cite the current statute. See LAWS OF 2018, ch. 306, § 2.

the sheriff's sale on October 17, 2014. The Whatcom County Sheriff issued a Sheriff's Deed to the property to Deutsche Bank after the one-year redemption period. See RCW 6.23.020; Wash. Fed. v. Harvey, 182 Wn.2d 335, 337 n.1, 340 P.3d 846 (2015) (property sold under judicial foreclosure may be redeemed by the borrower within one year).

We affirm the judgment for possession and the writ of restitution.

WE CONCUR: