IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| VERISTONE FUND I, LLC, | No. 87243-5-I |
| Respondent, | |
| v. | DIVISION ONE |
| KRISTEN LESTER, | UNPUBLISHED OPINION |
| Appellant. | |

DÍAZ, J. — Veristone Fund I, LLC filed suit against Kristen Lester for a deficiency judgment on a loan she guaranteed on behalf of Aesthete Studio, LLC. After Veristone filed for summary judgment, Lester failed to submit any written response but appeared at the hearing on the motion. Lester now asserts that Veristone failed in various ways to meet its burden to show that it was entitled to judgment on its claim and that she was not properly notified of the hearing. We disagree, affirm, and award Veristone its fees on appeal.

I.      BACKGROUND

On January 25, 2023, Aesthete Studio executed a promissory note, promising to pay Veristone $1,721,529.25 at a rate of $16,497.99 per month, beginning on March 1, 2023. Interest accrued under the promissory note at a rate of 11.5 percent per annum, which would increase to 24 percent per annum if

Aesthete Studio defaulted on its payment obligation. In connection with the promissory note, Aesthete Studio granted Veristone a deed of trust to its real property located at 9050 NE 117th Place, Kirkland, Washington. Also in connection with the promissory note, Kristen Lester executed a guaranty promising to pay Veristone all remaining principal and interest in the event that Aesthete Studio defaulted on its obligations under the promissory note.

Aesthete Studio defaulted on the promissory note by failing to make the required payments. The successor trustee, under the deed of trust, foreclosed on the property and sold it at a price of $1,795,000.00. Veristone then filed suit against Lester to enforce the guaranty. Lester was personally served with the summons and complaint at her residence in La Quinta, California.

Veristone moved for summary judgment on its claim on May 8, 2024 ("motion"). In support of its motion, Veristone submitted a copy of the trustee's deed upon sale granting title to Fidelis Bridge Loan Venture VI REO, LLC. The deed stated that the notice of default had been filed with the King County recorder's office, and that the notice of trustee's sale had been "transmitted by mail to all persons entitled thereto and either posted or served prior to the statutory minimum number of days before the final sale," as well as "published in a legal newspaper in each county in which the property or any part thereof is situated" twice prior to the date of sale. Veristone also submitted an "Authorization to Bid at Foreclosure Sale," stating that, if it placed the winning bid at the trustee's sale, that the deed should be "issued/vested in the name of: Fidelis Bridge Loan Venture VI REO LLC."

On June 26, 2024, Veristone served Lester with the motion and supporting affidavits at the same residence in La Quinta, California, by leaving copies with her mother and co-resident Kathleen Penfold. Lester did not file a written response to the motion.

Lester personally appeared at the summary judgment hearing held on August 9, 2024. At the hearing, Lester attempted to share a screenshot from Zillow[1] concerning a sale of the foreclosed property for greater than the amount of the purchase at the trustee's sale. When the court informed her that her request was prohibited by court rules, Lester asked if the hearing could be continued until after Veristone sold the property. The court informed her that it would not continue the hearing, but that Lester could move for reconsideration.

The trial court granted Veristone's motion in part, finding that it was entitled to a deficiency judgment. The court reserved ruling on the amount of the judgment and invited the parties to submit additional documentation on the calculation of the amount. After receiving additional briefing from Veristone, the trial court set the amount of the judgment at $458,448.30, with interest accruing at 24 percent per annum.

Lester timely appeals.

## II.    ANALYSIS

### A. Challenges as to the merits of Veristone's motion

Summary judgment is appropriate where the materials and evidence in the record "show that there is no genuine issue as to any material fact and that the

---

[1] Zillow.com is a website that displays real estate listings.

moving party is entitled to a judgment as a matter of law." CR 56(c); see Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). We review orders on summary judgment de novo. TracFone, Inc. v. City of Renton, 30 Wn. App. 2d 870, 875, 547 P.3d 902 (2024).

"Washington courts employ a two-step burden-shifting analysis" to assess summary judgment motions. Id. First, the "party moving for summary judgment bears the initial burden of showing that there is no disputed issue of material fact." Haley v. Amazon.com Servs., LLC, 25 Wn. App. 2d 207, 216, 522 P.3d 80 (2022) (citing Young v. Key Pharms., Inc., 112 Wn. 2d 216, 225, 770 P.2d 182 (1989)). Second, the "burden then shifts to the nonmoving party to present evidence that an issue of material fact remains." Id. "Stated otherwise, summary judgment gauges whether the nonmoving party has met their 'burden of production to create an issue' of material fact." TracFone, 30 Wn. App. 2d at 875 (quoting Rice v. Offshore Sys., Inc., 167 Wn. App. 77, 89, 272 P.3d 865 (2012)). We view all facts and reasonable inferences in the light most favorable to the nonmoving party. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012).

1. Whether the Deed of Trust Act applies

Lester first asserts that Veristone was not entitled to summary judgment because the Deed of Trust Act (DTA) prohibited Veristone from obtaining a deficiency judgment against her. Lester contends that an action for a deficiency judgment may only proceed if the guaranty is not secured by the subject deed of trust. Lester is incorrect.

A "deficiency judgment" is a judgment entered following the sale of property under a deed of trust, for the difference between the sale price and the total amount of debt owed. Gardner v. First Heritage Bank, 175 Wn. App. 650, 659-60, 303 P.3d 1065 (2013). Under RCW 61.24.100(3)(c), the beneficiary of a promissory note may obtain a deficiency judgment "against a guarantor if the guarantor is timely given the notices under RCW 61.24.042."

In the consolidated case of Washington Federal v. Harvey, 182 Wn.2d 335, 338, 340 P.3d 846 (2015), two businesses had taken out loans, executed promissory notes promising to repay the lender, and granted the lender a deed of trust securing the promissory notes. Both promissory notes were guarantied by individual persons, and none of the individuals had granted a separate deed of trust to secure their guaranty. Id. The court explained that

> the DTA extends protection from deficiency judgments—with some exceptions—to a guarantor who grants a deed of trust to secure its guaranty of a commercial loan when the property burdened by the guarantor's deed of trust is nonjudicially foreclosed. The DTA provides a trade-off in relation to nonjudicial foreclosure of secured property; a guarantor of a commercial loan must secure its guaranty by granting a deed of trust in order to be protected from deficiency judgments when the property burdened by its deed of trust is nonjudicially foreclosed.

Id., at 340-41. The court held that because the guaranties were not secured by separate deeds of trust, the guarantors were not protected from deficiency judgments. Id. at 341. Here, the grantor on the deed of trust is Aesthete Studio. Lester did not execute a separate deed of trust to secure her guaranty. Accordingly, the DTA does not insulate her from suit for a deficiency judgment.

2. Whether Veristone procedurally complied with the DTA

Lester next asserts that, under the DTA, Veristone was required to produce evidence that it issued a notice of default and notice of trustee's sale before it could obtain a deficiency judgment.[2]  Veristone argues that it was not required to introduce copies of either notice into evidence because the trustee's deed upon sale was prima facie evidence that it had issued the required notices and it was Lester's burden to rebut that evidence.  We agree with Veristone.

RCW 61.24.040(11) states, in relevant part:

On payment and subject to RCW 61.24.050, the trustee shall execute to the purchaser its deed. The deed shall recite the facts showing that the sale was conducted in compliance with all of the requirements of this chapter and of the deed of trust, which recital shall be prima facie evidence of such compliance.

There is no dispute that Aesthete Studio's real property was sold at a trustee's sale, after which, a trustee's deed upon sale was issued.[3]  The deed states that the notice of default was recorded with the King County recorder's office on June 27, 2023.  As we previously addressed, the deed also states that the trustee transmitted and published the notice of trustee's sale in compliance with the notice requirements under chapter 61.24 RCW.

---

[2] Lester also briefly argues that Veristone did not comply with the DTA because it did not issue a notice of default more than 30 days prior to the trustee's sale of Aesthete Studio's property.  Aesthete Studio is not a party to this proceeding and the trustee's sale is not at issue in this case.  Lester also waived this issue by failing to raise it in the trial court.  RAP 2.5(a).

[3] Lester objects to the fact that the recording number was redacted from the trustee's deed when it was submitted in support of Veristone's motion for summary judgment.  However, the unredacted version of the same deed was attached to Veristone's initial complaint.  The trial court's order on summary judgment states that it is based on the court's review of the entire court file, including the unredacted complaint.  Lester's objection is therefore without merit.

Once Veristone established a prima facie case of compliance, it was Lester's burden to introduce evidence tending to show otherwise. See McMullen v. Warren Motor Co., 174 Wash. 454, 459, 25 P.2d 99 (1933) (once plaintiff introduces evidence supporting a prima facie case, the burden shifts to the defendant to rebut evidence). Lester neither presented evidence nor responded in writing to Veristone's motion for summary judgment. As a result, Veristone was not required to provide additional evidence of its compliance with the notice requirements under the DTA.

3. Whether the Trustee's deed was invalid

Lester next argues that there is no evidence of any relationship between Veristone and Fidelis Bridge Loan Venture VI REO LLC, such that the trustee's deed is invalid. In particular, Lester asserts that RCW 61.24.100(3)(a)(i) mandates that the property be sold to the beneficiary of the deed of trust or an affiliate of the beneficiary, and that there was no evidence that Fidelis was an affiliate of Veristone.

RCW 61.24.100(3)(a)(i) states:

To the extent the fair value of the property sold at the trustee's sale to the beneficiary or an affiliate of the beneficiary is less than the unpaid obligation secured by the deed of trust immediately prior to the trustee's sale, an action for a deficiency judgment *against the borrower or grantor*, if such person or persons was timely given the notices under RCW 61.24.040, for (A) any decrease in the fair value of the property caused by waste to the property committed by the borrower or grantor, respectively, after the deed of trust is granted, and (B) the wrongful retention of any rents, insurance proceeds, or condemnation awards by the borrower or grantor, respectively, that are otherwise owed to the beneficiary.

(Emphasis added). By its terms, this provision applies only to actions for deficiency judgments asserted against the borrower or the grantor of the deed of trust. Aesthete Studio is the borrower and grantor of the deed of trust in this matter. Veristone sued Lester in her individual capacity as guarantor of the promissory note, not as a borrower or grantor. RCW 61.24.100(3)(a)(i) has no application here. RCW 61.24.100(3)(c), which governs deficiency judgments against guarantors, contains no limitations on the identity of the purchaser. Lester's argument is without merit.

B. Procedural challenges to Veristone's motion

    1. When and how to determine the fair value of the foreclosed property

Lester next asserts that the DTA requires the trial court to determine the fair value of the property before a deficiency judgment may be entered and that Veristone failed to present evidence of the fair market value of the property. Veristone argues that it was Lester's burden to request a determination of the fair market value of the property and her attempt to introduce inadmissible evidence cannot be construed as a request. We agree with Veristone.

As a preliminary matter, we note that Lester makes this argument for the first time on appeal. "Generally[,] a party waives the right to raise an issue on appeal that was not raised before the trial court." City of Seattle v. Long, 198 Wn.2d 136, 155, 493 P.3d 94 (2021). However, we may exercise our discretion under RAP 2.5(a) to review newly raised issues. State v. Blazina, 182 Wn.2d 827, 835, 344 P.3d 680 (2015). We do so here as the issue is fully briefed and central to the just disposition of this matter.

RCW 61.24.100(5) states, in relevant part:

In any action against a guarantor following a trustee's sale under a deed of trust securing a commercial loan, the guarantor *may request* the court or other appropriate adjudicator to determine, or the court or other appropriate adjudicator *may in its discretion* determine, the fair value of the property sold at the sale and the deficiency judgment against the guarantor shall be for an amount equal to the sum of the total amount owed to the beneficiary by the guarantor as of the date of the trustee's sale, less the fair value of the property sold at the trustee's sale or the sale price paid at the trustee's sale, whichever is greater, plus interest on the amount of the deficiency from the date of the trustee's sale at the rate provided in the guaranty, the deed of trust, or in any other contracts evidencing the debt secured by the deed of trust, as applicable, and any costs, expenses, and fees that are provided for in any contract evidencing the guarantor's liability for such a judgment.

(Emphasis added). Use of the word "may" in this statute indicates that the legislature did not mean for a fair value determination to be mandatory in every action for a deficiency judgment. See Scannell v. City of Seattle, 97 Wn.2d 701, 704, 648 P.2d 435 (1982) (holding that "may" is construed as permissive). Rather, under the plain language of the statute, the trial court was to make a fair value determination if Lester requested it, or if it decided to do so within its own discretion.

Lester contends that her attempt to show the court a real estate listing on Zillow at the hearing constituted a request for a fair value determination sufficient to necessitate a determination by the court under RCW 61.24.100(5). We disagree.

Under CR 56(c), the party opposing summary judgment is required to file and serve responsive pleadings and other documentation "not later than 11 calendar days before the hearing." CR 56 does not permit a party to orally

introduce new evidence or arguments at the hearing on the motion. See Landberg v. Carlson, 108 Wn. App. 749, 756, 33 P.3d 406 (2001) (holding that the court did not abuse its discretion by denying request to present oral testimony at a summary judgment hearing where no advance notice provided). Had Lester wished to request a fair value determination, she was required under the court rules to do so prior to the deadline to respond to Veristone's summary judgment motion.

Additionally, Lester's attempt to introduce inadmissible evidence at the summary judgment hearing cannot reasonably be construed as a statutory request for a fair value hearing. At the hearing, Lester claimed that Veristone was selling the property for "2.359 million" dollars and asked if she could pull up Zillow to show the sale price. After the trial court explained to Lester that she could not share a webpage on Zillow for the first time at the hearing, Lester responded "Yeah, no, no, I totally understand that. Because he wants to see it first, and he might not even know the house was listed for sale and is pending. Totally makes sense." Lester then asked the court to delay ruling on the motion for summary judgment until an allegedly pending sale was completed. While the trial court declined to continue the hearing, it did permit Veristone to submit a supplemental declaration concerning the calculation of the amount of the deficiency judgment. The trial court informed Lester that she would have the opportunity to challenge Veristone's calculation, to which Lester responded, "Sounds good," indicating her agreement to this procedure.

While Veristone filed a supplemental declaration revising its calculation of the deficiency judgment, Lester did not file any response. Having been advised by

the court on the record that Veristone would be permitted to introduce additional evidence of its calculation of the amount of the judgment and that she could contest that evidence, Lester was clearly aware of her ability to dispute the fair value of the property. Yet Lester chose not to file any response to Veristone's calculation. From these facts, we cannot conclude that Lester made a statutory request for a fair value determination sufficient to trigger any duty of the trial court.

Because Lester did not make any request that could reasonably be interpreted as a request to determine the fair value of the property, the trial court was not obligated to make the determination before granting summary judgment in Veristone's favor.

2. <u>Whether Lester received adequate notice of and process for the motion</u>

Finally, Lester asserts that she was not properly served with notice of the motion for summary judgment and that the trial court erred by not continuing the hearing to allow her additional time to respond to the motion. We disagree.

CR 56(c) states that a motion for summary judgment and supporting documentation must be served on the opposing party not later than 28 days before the hearing. Veristone served a copy of its motion for summary judgment, supporting declaration, and proposed order on June 26, 2024. The hearing on Veristone's motion was scheduled for August 9, 2024, more than 28 days after it served Lester.

Lester nonetheless contends that the method by which she was served was not reasonably calculated to provide her notice of the summary judgment motion. CR 5(b)(1) states that service may be made upon an unrepresented party by

"leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."  Veristone served its summary judgment motion on Lester's mother, a resident of the home located at the same address where Veristone personally served Lester with a copy of the summons and complaint.  Lester did not assert that she was not properly served the summons and complaint, nor did she notify the trial court that she had changed her usual place of abode at any time prior to the summary judgment hearing.[4] Lester provides no evidence to show that she lacked adequate notice of the hearing.

Additionally, the trial court did not err by declining to continue the summary judgment hearing.  Pursuant to CR 56(f), a request to continue a summary judgment hearing to allow time to obtain additional evidence must be in writing and must be supported by an affidavit stating why it was not possible to obtain the necessary evidence to defeat the summary judgment motion.  See Landberg, 108 Wn. App. at 755.  Lester's request to continue the hearing was made orally, without a supporting affidavit and without any indication of why it was not possible to obtain the evidence she desired beforehand.  Although Lester implies that the court should have been more lenient with her as a pro se litigant, pro se litigants are held to the same standard as attorneys.  West v. Wash. Ass'n of County Officials, 162 Wn. App. 120, 137 n.13, 252 P.3d 406 (2011).  The trial court did not err by denying Lester's request for a continuance.

---

[4] Lester claimed at the hearing that she informed Veristone that she had a different mailing address.  She provided no evidence to support this claim.

## C. <u>Veristone is entitled to attorney fees on appeal</u>

Both parties request an award of attorney fees on appeal under RAP 18.1 and the terms of the guaranty. RAP 18.1 allows us to award reasonable attorney fees or expenses "[i]f applicable law grants to a party the right to recover" such attorney fees or expenses. The guaranty signed by Lester states, "If … an attorney is retained to represent Lender in any proceedings whatsoever in connection with this Guaranty and Lender prevails in any such proceedings, then the Guarantor shall pay to Lender upon demand all reasonable attorney's fees, costs and expenses incurred in connection therewith." As the prevailing party, Veristone is entitled to an award of fees, subject to compliance with RAP 18.1. Because Lester is not the prevailing party, we deny her request for fees.

### III.    CONCLUSION

We affirm.

Díaz, J.

WE CONCUR:

Bri, J.        Chung, J.

13